UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| SEMISI FONUA, | CASE NO.   06cv1272-J (NLS) |
|---|---|
| Petitioner, | **ORDER DISMISSING WITHOUT PREJUDICE PETITIONER'S PETITION PURSUANT TO 28 U.S.C. § 2241** |
| v. | |
| DEPARTMENT OF HOMELAND SECURITY, et al., | |
| Respondents. | |

Before the Court is pro se Petitioner Semisi Fonua's ("Petitioner") 28 U.S.C. § 2241 Petition for Writ of Habeas Corpus. [Doc. No. 1.]  Federal courts have jurisdiction to issue a writ of habeas corpus to someone who "is in custody in violation of the Constitution or laws or treaties of the United States . . . ."  28 U.S.C. § 2241(c)(3); *Flores-Miramontes v. INS*, 212 F.3d 1133, 1139 (9th Cir. 2000).  The Department of Homeland Security ("Respondent") has timely filed a Return. [Doc. No. 5.]  Petitioner has not filed a traverse.  For the reasons set forth below, the Court **DISMISSES without prejudice** the Petition on mootness grounds.

### *Background*

On March 20, 2004, Petitioner was convicted in the Superior Court of California, County of Los Angeles, of grand Theft in violation of Section 486(a) of the California

1  Penal Code. (*See* Pet'r's Pet. Ex. A.)  On February 9, 2005, the Immigration Court found
2  that Petitioner's Offense was an aggravated felony as defined by Section 101(a)(43)(G) of
3  the Immigration and Nationality Act ("Act") and ordered Petitioner removed and deported
4  to the Philippines, or in the alternative, to Tonga, pursuant to Section 237(a)(2)(A)(iii) of
5  the Act.  (*See* Pet'r's Pet. Ex. B.)  On June 23, 2005, the Board of Immigration Appeals
6  affirmed the decision of the Immigration Judge. (*See* Pet'r's Pet. Ex. C.)

7  On June 6, 2006, Petitioner filed the instant Petition asking this Court to be released
8  pursuant to 28 U.S.C. § 2241. [Doc. No. 1.]  On July 20, 2006, Respondent timely filed a
9  Return. [Doc. No. 5.]  Petitioner has not filed a Reply.

*Discussion*

12  The federal courts have jurisdiction to hear only cases that present a live
13  controversy.  *See Public Utils. Comm. v. Federal Energy Regulatory Comm.*, 100 F.3d
14  1451, 1458 (9th Cir. 1996).   A case becomes moot when "the issues are no longer live or
15  the parties lack a legally cognizable interest in the outcome," unless the injury is " 'capable
16  of repetition, yet evading review.' "  *See Sample v. Johnson*, 771 F.2d 1335, 1339 (9th Cir.
17  1985) (quoting *Southern Pac. Terminal Co. v. Interstate Commerce Comm'n*, 219 U.S.
18  498, 515 (1911)).  Mootness often occurs where "interim relief or events have completely
19  and irrevocably eradicated the effects of the alleged violation." *Lindquist v. Idaho State*
20  *Bd. of Corrections*, 776 F.2d 851, 854 (9th Cir. 1985); *County of Los Angeles v. Davis*, 440
21  U.S. 625, 631 (1979).  Stated another way, if it appears that the court is "without power to
22  grant the relief requested, then the case is moot." *Picrin-Peron v. Rison*, 930 F.2d 773, 775
23  (9th Cir. 1991).

24  Here, Petitioner's Petition is moot because he was released from custody on or about
25  July 19, 2006 on the basis that "there is no reasonable likelihood that he can be repatriated
26  to his native Tonga, or the alternative country of removal, the Philippines." (Resp't's
27  Return at 1.)   Further, Petitioner has not argued that his claim is capable of repetition but
28  evading review.  Therefore, Petitioner's request for relief in the form of release from

1 | custody is moot.

### *Conclusion*

For the foregoing reasons, Petitioner's Section 2241 Petition for Writ of Habeas Corpus **IS DISMISSED without prejudice**.

**IT IS SO ORDERED.**

DATED: September 28, 2006

HON. NAPOLEON A. JONES, JR.
United States District Judge

cc:   Magistrate Judge Nita L. Stormes
      All Parties